1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAWNCEY BLAKE, | ) | No. C 14-3727 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) | |
| SANTA CLARA DEPARTMENT OF CORRECTIONS; SERGEANT GILETTE; LIEUTENANT TAYLOR; CAPTAIN SEPULVEDA, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 claiming that he was disciplined in retaliation for pursuing complaints in administrative grievances and in the courts. His application to proceed *in forma pauperis* is granted in a separate order. The complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that he filed an administrative grievance with jail officials requesting his medical records and a doctor's appointment.  Defendant Gilette told him not to contact "Internal Affairs Agent Linda Kowell" about these complaints.  Plaintiff then contacted Kowell, complaining that he had not received his records or a response to his requests.  Plaintiff was then disciplined.  He claims that the discipline was in retaliation for his grievance, his complaints to Kowell, and his attempts to present his claims in the courts.

Plaintiff has not alleged any conduct by defendant Santa Clara County Department of Corrections, which is a department of the municipality of Santa Clara County. To impose liability under Section 1983 against a municipal entity such as Santa Clara County for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Plaintiff does not allege any policy by Santa Clara County that allegedly led to the retaliation against him. Plaintiff will be given leave to file an amended complaint in which he cures this deficiency, if he can do so in good faith.

Plaintiff has also not alleged any conduct by Defendants Sepulveda or Taylor, and he has not alleged how Defendants Gilette and Kowell retaliated against him. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In his amended complaint, Plaintiff must allege what actions each individual took or failed to take that caused the retaliation or other constitutional violation.

## CONCLUSION

This case is DISMISSED WITH LEAVE TO AMEND.

Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**. Plaintiff is advised to use the Court's complaint form. The amended complaint **must** include the caption and civil case number used in this order (No. C 14-3727 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992),

Plaintiff may not incorporate material from the original by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

IT IS SO ORDERED.

DATED: October 7, 2014

_____
JEFFREY S. WHITE
United States District Judge

1

2                          UNITED STATES DISTRICT COURT

3                                        FOR THE

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6

7      SHAWNCEY BLAKE,
                                                   Case Number: CV14-03727 JSW
8                     Plaintiff,
                                                   **CERTIFICATE OF SERVICE**
9           v.

10     SANTA CLARA DEPT. OF CORRECTIONS
       ET AL et al,
11
                      Defendant.
12     _____/

13
       I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
14     Court, Northern District of California.

15     That on October 7, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said
       copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
16     said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
       receptacle located in the Clerk's office.

17

18

19     Shawncey  Blake #14019586/DUJ72
       Elmwood Complex Men's Facility
20     701 South Abel Street
       Milpitas,  CA 95035
21
       Dated: October 7, 2014
22                                                 Richard W. Wieking, Clerk
                                                   By: Jennifer Ottolini, Deputy Clerk
23

24

25

26

27

28