IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNCEY BLAKE,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA CLARA DEPARTMENT OF CORRECTIONS; SERGEANT GILETTE; LIEUTENANT TAYLOR; CAPTAIN SEPULVEDA,<br><br>    Defendants.<br>_____ | No. C 14-3727 JSW (PR)<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 claiming that he was disciplined in retaliation for pursuing complaints. The complaint was dismissed with leave to amend, and he filed a timely amended complaint. For the reasons discussed below, certain claims in the amended complaint are dismissed because they are not cognizable, while other claims are cognizable and the amended complaint is ordered served on certain defendants.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and

dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges in the amended complaint that he filed an administrative grievance with jail officials requesting his medical records and a doctor's appointment. He also contacted Defendant Linda Kowellis, an official in the Internal Affairs Department of the Santa Clara County Sheriff's Department, about these issues. Defendant Sergeant Gillotte, a jail official, ordered him not to contact the Internal Affairs Department about these issues anymore, but he continued to do so. He was then

disciplined by Gillotte and Defendants Lieutenant Taylor and Captain Sepulveda for disobeying an order from a jail official.  He then wrote letters to Chief of Corrections John Hirokawa and Sheriff Laurie Smith about these problems but they did nothing to remedy them.  He claims that by punishing him for complaining about his prison conditions, or by acquiescing in this punishment, these Defendants violated his right to access the courts and retaliated him for exercising his First Amendment rights.  When liberally construed, these claims are cognizable.

Plaintiff also alleges that in an unrelated incident he was disciplined in retaliation for helping another inmate pursue a complaint about medical care.  He claims that this violates state law, the state constitution and jail policy.  Such claims are not cognizable under Section 1983, which only provides a remedy for violations of federal law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  These allegations do not state a cognizable retaliation claim either, which requires retaliation for the exercise of a federal constitutional right.  *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977).  There is no federal constitutional right to assist another inmate in pursue a complaint.  *Shaw v. Murphy*, 532 U.S. 223, 231 (2001).  Accordingly, there is no cognizable retaliation claim stemming from this alleged incident.

Plaintiff also alleges that in another incident, Defendants Davis and Borgzinner verbally harassed and threatened him and other inmates on a bus.  Allegations of verbal harassment and threats do not state a claim under Section 1983.  *See Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981).  He also alleges that Lieutenant Borgzinner disciplined him for asking other jail officials a question.  He claims that the disciplinary proceeding was "biased" because Plaintiff had previously complained about Borgzinner's conduct in an administrative grievance, and because two witnesses to the disciplinary proceeding had also been present during the bus incident.  Allegations of "bias" in a jail disciplinary proceeding do not, without more, implicate an inmate's constitutional right to due process.  *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Accordingly, these allegations do not state a cognizable claim either.

1  Plaintiff has not cured the deficiencies that were present in his original complaint
with respect to suing the municipal defendant Santa Clara County.

### CONCLUSION

For the reasons set out above, the Court orders as follows:

1. The claims against Defendants Santa Clara County, Borgzinner, Davis, and Conner are DISMISSED.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto, and a copy of this order upon Defendants Sheriff Laurie Smith, Chief of Corrections John Hirokawa, Captain D. Sepulveda, Lieutenant Taylor, Sergeant Gillotte, and Internal Affairs official Linda Kowellis, all in the Santa Clara County Sheriff's Department.

<u>The Clerk shall also mail a courtesy copy of the complaint with all attachments thereto, and this order to the Santa Clara County Counsel's Office.</u>

The Clerk shall also serve a copy of this order on Plaintiff.

2. Defendants shall file an answer to the complaint in accordance with the Federal Rules of Civil Procedure.

3. In order to expedite the resolution of this case:

   a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    e. Along with his motion, defendant shall proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

  4. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

DATED: February 3, 2015

                _____
                JEFFREY S. WHITE
                United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.