UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAWNCEY BLAKE,

    Plaintiff,

v.

GILLOTE, et al.,

    Defendants.

Case No. 14-cv-03727-HSG (PR)

**ORDER ADDRESSING PENDING MOTIONS AND SETTING BRIEFING SCHEDULE**

Re: Dkt. Nos. 33, 34, 35, 37, 38, 39, 40

## INTRODUCTION

On August 18, 2014, Shawncey Blake, in inmate at the Santa Clara County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint was dismissed with leave to amend, and he filed a timely amended complaint. On February 3, 2015, the Court issued an order of service finding plaintiff had stated cognizable First Amendment claims for retaliation and violation of his right to access the courts. Now before the Court are several miscellaneous motions brought by plaintiff and defendants.

## DISCUSSION

**A.   Motion to Amend**

On April 1, 2015, plaintiff filed a document titled "Amend to Complaint," (dkt. 35), which the Court construes as a motion for leave to file a Second Amended Complaint ("SAC"). Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse

1    party. Fed. R. Civ. P. 15(b). Here, because plaintiff has already amended the complaint once, and
2    because more than 21 days passed between defendants' filing of their answer and plaintiff's filing
3    of the "Amend to Complaint," plaintiff requires leave of court to file a SAC.
4        Rule 15(a) instructs that "leave shall be freely given when justice so requires." Fed. R.
5    Civ. P. 15(a). However, "[l]eave need not be granted where the amendment of the complaint
6    would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in
7    futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th
8    Cir. 1989) (citation omitted). A district court's discretion to deny leave to amend is particularly
9    broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*,
10   363 F.3d 821, 830 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486
11   F.3d 541, 551 (9th Cir. 2007).
12       Applying this standard here, the Court finds that amendment would be futile and is sought
13   in bad faith. Specifically, upon review of plaintiff's proposed SAC, the Court finds that plaintiff
14   seeks to bring claims that: (1) have already been found non-cognizable in this action[1]; (2) have
15   already been dismissed in a prior action[2]; and (3) raise different causes of action and legal issues
16   than the ones in the amended complaint, without linking any of the current defendants to the
17   claims, *see* Fed. R. Civ. P. 20(a)(2).[3]
18       The Court notes that the SAC also appears to allege supplemental claims in that plaintiff
19   adds new claims for retaliation and denial of access to the courts arising out of events occurring
20   several months after this action was filed. The court may permit a party to serve supplemental
21   pleadings "setting out any transaction, occurrence, or event that happened after the date of the
22   pleading to be supplemented." Fed. R. Civ. P. 15(d). Matters newly alleged in a supplemental

---

[1] The SAC alleges that officers verbally harassed plaintiff while he was being transported (dkt. 35 at 4, 25), and that he was punished for helping another inmate pursue a grievance (*id.* at 4). Both claims were dismissed by the February 3, 2015 order of service. Dkt. 10 at 3.

[2] The SAC alleges that plaintiff received inadequate care from the Santa Clara County Department of Correction. Dkt. 35 at 1-2, 11-12, 21-23. The Honorable Jeffrey S. White of this court dismissed these claims in C 14-2568 JSW (PR).

[3] The SAC includes new allegations regarding conditions of confinement. Dkt. 35 at 6-7, 24.

1  complaint must have some relation to the claim(s) set forth in the original pleading, although they
2  need not be about the same transaction. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).
3  The Court will not, however, grant leave to amend to add the supplemental claims here because
4  plaintiff has already separately raised these claims in C 15-720 HSG (PR) and C 15-1239 HSG
5  (PR).

6  For the foregoing reasons, the motion to amend is DENIED.

**B.  Defendants' Administrative Motion**

Defendants have filed an administrative motion requesting that the Court screen the SAC and revise the briefing schedule. Dkt. 38. Defendants point out that their dispositive motion is currently due by May 4, 2015. As discussed above, plaintiff had been denied leave to file his proposed SAC. Accordingly, defendants' administrative motion is DENIED as moot. However, the Court will *sua sponte* grant an extension of time for defendants to file a dispositive motion and will set forth a new briefing schedule below.

**C.  Defendants' Motion to Strike Response to Answer**

Plaintiff filed two responses to defendants' Answer to the Amended Complaint. Dkts. 23, 31. Defendants have filed a motion to strike plaintiff's responses. Dkt. 34. Plaintiff's responses to the Answer were unnecessary and attempted to introduce new claims not pleaded in the Amended Complaint. Accordingly, defendants' motion to strike is GRANTED.

**D.  Plaintiff's Motion for Preliminary Injunction**

Plaintiff has also filed a document titled "Emergency Injunctive Relief" (dkt. 33), which the Court construes as a motion for a preliminary injunction. In the motion, plaintiff alleges that he received an infraction for sending an appeal of his inmate grievance in an envelope marked "confidential legal mail." Dkt. 33 at 1. Plaintiff asks the Court to overturn the Santa Clara Department of Corrections' disciplinary decision.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation

omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

It appears that plaintiff is seeking to expand his causes of action by using the request for preliminary injunctive relief as a means to litigate additional claims unrelated to those set forth in his complaint. However, plaintiff cannot seek relief related to events occurring after the filing of the instant lawsuit and which are not related to the incident at issue, nor can he seek relief against non-parties. The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Here, plaintiff's request for preliminary injunctive relief does not accomplish that goal with respect to the subject matter of this action. To the extent that plaintiff believes he may be in need of, and legally entitled to, relief based on the assertions in this motion, plaintiff must first exhaust his administrative remedies for these new claims and then, if appropriate, bring a new federal action.

Accordingly, plaintiff's motion for a preliminary injunction is DENIED.

### E.     Plaintiff's Motion for Discovery

Plaintiff has filed a motion for production of documents. Dkt. 37. The Court has reviewed the motion and determines that it is actually a discovery request that plaintiff intended to serve on defendants. The filing reflects plaintiff's misunderstanding of the discovery process, as a party may not obtain discovery by simply telling the court what he wants to learn. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy being sent to the court. *See* Fed. R. Civ. P. 5(d)(1) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Accordingly, the motion is DENIED.

### F. Plaintiff's Request for Appointment of Counsel

Plaintiff has requested that counsel be appointed to assist him in this action. Dkt. 39. A district court has the discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915 (e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is therefore DENIED. The Court will consider appointment of counsel on its own motion, and seek volunteer counsel to agree to represent plaintiff pro bono, if it determines at a later time in the proceedings that appointment of counsel is warranted.

### G. Plaintiff's Motion for Summary Judgment

Finally, plaintiff has filed a motion for summary judgment. Dkt. 40. The motion is difficult to understand, and the Court cannot discern whether it is based on the allegations in the SAC. In any event, it is premature in that it was filed before the Court had screened the SAC. Accordingly, plaintiff's motion for summary judgment is DENIED without prejudice. He may re-file a motion for summary judgment, based on the allegations found cognizable in the first amended complaint, after defendants have filed their dispositive motion.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for leave to file a Second Amended Complaint (dkt. 35), is DENIED. The First Amended Complaint (dkt. 7), remains the operative pleading herein.

2. Defendants' administrative motion for the Court to screen the Second Amended Complaint (dkt. 38), is DENIED as moot.

3. Defendants' motion to strike plaintiff's response to the answer (dkt. 34) is GRANTED.

4. Plaintiff's motion for emergency injunctive relief (dkt. 33), is DENIED.

5. Plaintiff's motion for production of documents (dkt. 37) is DENIED.

6. Plaintiff's request for appointment of counsel (dkt. 39), is DENIED.

7. Plaintiff's motion for summary judgment (dkt. 40), is DENIED.

8. The deadline for defendants to file a dispositive motion is CONTINUED to **June 5, 2015**. Plaintiff shall file any opposition to defendants' motion within **twenty-eight (28)** days of the date the motion is filed. Defendants shall file a reply within **fourteen (14)** days of the date the opposition is filed.

This order terminates Docket Nos. 33, 34, 35, 37, 38, 39, and 40.

**IT IS SO ORDERED.**

Dated: April 28, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge