UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNCEY BLAKE,<br><br>    Plaintiff,<br><br>    v.<br><br>GILLOTE, et al.,<br><br>    Defendants. | Case No. 14-cv-03727-HSG<br><br>**ORDER DENYING MOTION TO CONSOLIDATE**<br><br>Re: Dkt. No. 73 |

    Plaintiff, an inmate at the Santa Clara County Jail, has filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging First Amendment claims for violation of his right to access the courts and retaliation for exercising his right to access the courts.  Plaintiff now seeks to consolidate this action with *Blake v. Hoyt, et al.*, C No. 15-CV-00720 HSG ("*Blake II*"); *Blake v. Hoyt, et al.*, C No. 15-CV-01239 HSG ("*Blake III*"); and *Blake v. Santa Clara Dept. of Corrections, et al.*, C No. 15-CV-03352-HSG ("*Blake IV*").  For the reasons set forth below, Plaintiff's request to consolidate this case with the other cases is DENIED.

    As an initial matter, it should be noted that *Blake IV* has been remanded to the state court, so to the extent that Plaintiff seeks to consolidate this action with *Blake IV*, that request is DENIED AS MOOT.

    Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989).  In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by

1  consolidation. *Zhu v. UCBH Holdings, Inc.*, 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010). The
2  Court may decline to consolidate the actions if they are at different stages of discovery or trial
3  preparation. *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal.
4  2007).

5  Defendants oppose the consolidation of this instant action with the other three actions.
6  Defendants correctly point out that this action is in a different procedural posture than the other
7  cases and that this action involves different facts. In this action, there is a pending motion for
8  summary judgment that is fully briefed. *See* Docket Nos. 51, 59, and 61. In contrast, the
9  summary judgment motions pending in *Blake II* and *Blake III* are not yet fully briefed. This action
10 involves Plaintiff's attempts to contact Internal Affairs to obtain copies of his medical records and
11 grievance forms. *See* Docket No. 10 at 2. *Blake II* and *Blake III*, however, concern prison
12 officials' issuance of rule infractions to Plaintiff for sending grievances in envelopes labelled
13 "confidential legal mail." *See Blake II*, Docket No. 14 at 2–3; *Blake III*, Docket No. 13 at 2–3.
14 The Court finds Defendants' arguments persuasive and DENIES Plaintiff's request to consolidate
15 this action with *Blake II* and *Blake III*. As discussed *supra*, Plaintiff's request to consolidate this
16 case with *Blake IV* is DENIED AS MOOT.

17 This order terminates Docket No. 73.

18 **IT IS SO ORDERED.**

19 Dated: 12/8/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

2